THE STATE EX REL. NORTHWESTERN NATIONAL INSURANCE COMPANY v. FRANCIS H. TRIMBLE ET AL., Judges of Kansas City Court of Appeals.—18 S. W. (2d) 21.

Division Two, June 4, 1929.

*A. L. Burns* and *C. C. Crow* for relator.

*L. E. Atherton* for respondents.

WALKER, J.—Certiorari to quash the record of the Kansas City Court of Appeals in the case of Hoffman v. N. W. National Insurance Company.

Hoffman had a three-year fire policy for $500 in the insurance company on a building. A judgment in his favor in the trial court was affirmed by the Court of Appeals. The ruling of the latter is assailed on the ground of conflict of rulings.

The policy is not set forth in the petition for this writ. Enough appears, however, in the agreed statement of the facts set forth in the opinion of the Court of Appeals to show it was provided therein that upon the building becoming vacant a permit for the continuance of the policy would be granted by reducing the amount of the insurance one-third, if application for a continuance of the policy was made within sixty days after the vacancy began. More than sixty days after this event occurred Hoffman applied to the company for a continuance of the policy for sixty days and the same was granted and the policy left with the company's agent to enter thereon future continuances of the policy. The agent kept the policy in his possession, but did not enter the subsequent continuances. A year after the expiration of the first period of extension the building was destroyed by fire. When this occurred the three-year period for which the building was insured had not expired. In Hoffman's suit on the policy the trial court rendered judgment for $500, the full amount of the policy, fifty dollars for vexatious delay in the payment of same, and one hundred dollars attorneys' fees, provisions for these additional findings having been made in the agreed statement of facts. Upon appeal to the Court of Appeals that court reduced the amount of the principal judgment by one-third, but followed the findings of the original judgment as to the

penalty and attorneys.' fees, and directed the trial court to enter judgment in accordance therewith. In the Court of Appeals the insurance company contended, as disclosed in the opinion, that the court was not authorized in reducing the principal amount of the judgment, which to that extent was a ruling in its favor, and at the same time in affirming the trial court's rulings as to attorneys' fees and the penalty for vexatious delay. It is upon these grounds that this writ is prayed for.

While vexatious delay on the part of a defendant is ordinarily a question for the jury under the statute and rulings thereon (Sec. 6337, R. S. 1919; Kusnetzky v. Security Ins. Co., 281 S. W. (Mo.) 47, l. c. 52 and cases cited), this does not deprive the defendant of the right to entertain an honest difference of opinion in regard to the correctness of the court's ruling and of his right to litigate the matter in an effort to establish his conclusion, [Non-Royalty Shoe Co. v. Assurance Co., 277 Mo. l. c. 422, 210 S. W. 37; Berryman v. Southern Surety Co., 285 Mo. l. c. 397, 227 S. W. 96.]

The meaning of the statute (Sec. 6337, supra) is that when an insurance company has, without reasonable or probable cause or excuse, obstructed a beneficiary by refusing to pay a loss under its policy, the plaintiff may, in his suit, be allowed thereon the penalty prescribed in the above section. [Block v. U. S. Fid. & Guar. Co., 290 S. W. (Mo.) 429, 441.]

Ordinarily the vexatious delay must begin or occur before the filing of the suit. [State ex rel. Gott v. Fidelity & Deposit Co., 317 Mo. 1078, 298 S. W. 83, 91.]

Facts at bar bring this case within the purview of these rulings. The right of the defendant insurance company to contest the validity of this claim cannot be questioned. When questioned the Court of Appeals found it necessary to modify its opinion as to the principal amount of the judgment sued for but persisted in its finding that attorneys' fees and a penalty should be adjudged against the defendant. The latter, as it had a right to do, persisted in contesting the legality of this part of the judgment and in so doing was not guilty of vexatious delay. In holding to the contrary, the Court of Appeals contravened the rulings of this court in the cases above cited and its record in that respect should be quashed. It is so ordered. All concur.