STATE OF MISSOURI at the relation of WASHINGTON FIDELITY NATIONAL INSURANCE COMPANY, a Corporation, Relator, v. JEFFERSON D. HOSTETTER, WILLIAM DEE BECKER and EDWARD J. McCULLEN, as Judges of the St. Louis Court of Appeals.—117 S. W. (2d) 1083.

Division One, June 20, 1938.

*Martin Farrow* for relator.

*S. E. Garner* for respondents.

GANTT, J.—Original action in certiorari. Relator challenges the opinion of the St. Louis Court of Appeals in Hall v. Washington Fidelity National Insurance Co., 105 S. W. (2d) 970.

The action was on a policy issued by relator on April 8, 1929, to Isaac Hall. The weekly dues were not paid from September 2, 1929, to October 14, 1929. The policy lapsed, but on payment of said dues it was revived on October 21, 1929. Judgment was for $372, which included a funeral benefit $100, unpaid benefits $62, damages for vexatious delay $10, and attorney's fees incident to said delay $200.

The judgment was reversed and the cause remanded with directions to enter judgment for only $310.

In the Court of Appeals relator contended that the ruling of the trial court on its demurrer to the evidence was erroneous. In this court relator contends that the ruling of the Court of Appeals sustaining said ruling of the trial court, is in conflict with certain decisions of this court. The contention on the demurrer was stated and ruled by the Court of Appeals as follows:

"The principal contention of defendant was, that the disease, of which the insured died, antedated the date of the issuance of the policy as well as the date of the revival of the policy, and, therefore, the defendant incurred no liability under the terms of the policy.

"Defendant, in support of this contention, called as a witness, Dr. McClellan, who discussed at some length divers and sundry diseases and their probable duration; but, on cross-examination, he made the following admission: 'I never saw this man (meaning the insured) myself; don't know anything about him, don't know what he died with or that he is dead.'

"We have carefully examined all of the testimony adduced, and have reached the conclusion that defendant's instruction in the nature of a demurrer to the evidence was properly refused by the trial court and that the controverted issues in the case were properly a matter of determination for the jury, with one exception, which is that the plaintiff, . . . had no right to recover the amount of $62 for sick benefits out of the item of $162 allowed him by the jury inasmuch as under the terms of the policy the sick benefits were payable not to the beneficiary . . . but were payable to the insured, Isaac Hall."

In this connection relator directs attention to statements in the opinion of the Court of Appeals as follows:

"Isaac Hall, the insured, became ill and went to the St. Louis City Hospital on November 26, 1929. His first sick claim was made covering the first week of his illness, reciting that he was suffering from malaria, and that claim was paid by the defendant. A second claim was made by the attending physician at the hospital reciting that the illness of insured was pos gastric mal. acute. The third claim recited cancer, stomach aneurysm. The fourth claim recited gastric mal. acute. The fifth claim recited gastric mal. acute. Payment was refused by defendant on each of the last four claims, all of which were

turned in by the attending physician at the hospital. Isaac Hall, the insured, left the hospital on January 1, 1930, and died in Rienzi, Mississippi, where he went after leaving the hospital. The defendant refused to pay the $100 death benefit to the beneficiary and as a result no formal death proofs were submitted. . . .

"The defendant offered and read in evidence a document from the Bureau of Vital Statistics of the State of Mississippi, showing, among other things, the record of the death of the insured; that the cause of death was bronchial pneumonia, duration of such disease not being stated."

An examination of the third claim of the insured submitted to relator shows that the attending physician stated that he was of the opinion that the insured had been afflicted with cancer of the stomach and aneurysm of aorta for one year. Furthermore, an examination shows that the document from the Bureau of Vital Statistics of the State of Mississippi stated that "the cause of death was bronchial pneumonia—contributory gastritis and chronic nephritis (duration—) contracted at St. Louis."

█ Relator contends that this claim and document conclusively show that the afflictions of the insured antedated both the date of the policy and the date of its revival. In other words, the contention of conflict with certain decisions of this court proceeds upon the theory that this was all the evidence in the case on the question. The opinion of the Court of Appeals does not so state. On the contrary, after referring to said claims and document, it stated that upon an examination of all the evidence it concluded that the demurrer was properly ruled by the trial court. In view of this statement, it must be assumed that there also was substantial evidence tending to show that said afflictions did not antedate the issuance of the policy and its revival.

█ Relator also contended in the Court of Appeals that the trial court erred in refusing its instruction directing the jury that relator's refusal to pay the claim of the beneficiary was not vexatious.

The opinion mentioned this contention but did not expressly rule the same. However, it impliedly overruled the contention by affirming the judgment as to damages and attorney's fees.

Relator argues that the ruling of the Court of Appeals that plaintiff could not recover for sick benefits conclusively shows that it had reasonable and probable cause to litigate the matter, citing State ex rel. Northwestern National Insurance Co. v. Trimble et al., 322 Mo. 1236, 18 S. W. (2d) 21. On the question the trial court instructed as follows:

"The Court instructs the jury that in addition to damages already assessed, if any, under other instruction in this case, you may assess damages of not more than ten per cent of one hundred ($100.00) dol-

lars for vexatious delay, if any, in the payment of the death claim and in addition thereto you may assess a reasonable attorney's fee of not over two hundred ($200.00) dollars, if you believe from the evidence that the defendant's refusal to pay, if so, was willful and without reasonable cause under the facts as they appear to a reasonable and prudent man before the trial and up to and including the day of the trial. The court further instructs the jury that the mere fact that your verdict is for the plaintiff as to the face value of the policy is no reason of itself that the defendant should be penalized for vexatious delay and you should not assess the penalty of damages and attorney's fees unless it appears to you that the delay, if any, was willful and without reasonable cause as hereinabove set out.''

Thus it appears that a recovery of damages and attorney's fees was limited to a vexatious refusal to pay the $100 funeral benefit provided in the policy. It is this limitation that distinquishes the instant case from State ex rel. Northwestern National Insurance Co. v. Trimble et al., supra.

There is no conflict and the writ should be quashed. It is so ordered. All concur, except *Hays, J.,* absent.