STATE OF MISSOURI, at the Relation of MUTUAL BENEFIT HEALTH AND ACCIDENT ASSOCIATION, a Corporation, Relator, v. HON. WILLIAM C. HUGHES, HON. EDWARD J. McCULLEN and HON. LYON ANDERSON, Judges of the St. Louis Court of Appeals.—No. 38546.—174 S. W. (2d) 859.

Division Two, November 1, 1943.

*Moser, Marsalek & Dearing* and *Theo. J. Krauss* for relator.

*Barak T. Mattingly* and *Fred Berthold* for respondents.

WESTHUES, C.—This is a proceeding in certiorari instituted by relator to quash the record and opinion of the St. Louis Court of Appeals in the case of Zips v. Mutual Ben. Health & Accident Ass'n., 169 S. W. (2d) 62.

Relator contends that respondents' opinion is in conflict with controlling decisions of this court in several respects. We will refer to these opinions in discussing the points briefed. Respondents' opinion may be read in connection herewith to get a full and detailed statement of the case. A brief resume will be necessary to illustrate the points made. August Zips, plaintiff's husband, was insured by the relator. A clause in the insurance contract read as follows:

" 'If the Insured shall, through accidental means, sustain bodily injuries . . . which shall, independently and exclusively of disease and all other causes, immediately, continuously and wholly disable the Insured from the date of the accident and result in any of the following specific losses within thirteen weeks, the Association will pay:

" 'For Loss of Life ................................$2,000.00

" 'And in addition, $80 a month for the period between the date of accident and the date of death.' "

The insured was engaged in trucking and on August 8, 1941, was hauling coal. While attempting to adjust the tail gate of a truck so as to permit it to open, he stooped reaching for a shovel. While doing so the tail gate suddenly opened and struck him on the back of the head and neck. He immediately quit work and went home letting his helpers finish unloading the coal. The injured area of the neck became infected and Zips died on August 28, twenty days after the date of the injury. Relator insists that plaintiff failed to prove that the insured was immediately, continuously and wholly disabled from the date of the accident to the date of death.

Relator contends here that respondents in their opinion ruled that the evidence tending to prove insured did not work at any time after the occurrence of the accident was sufficient to show that he was unable to work; that such ruling is in conflict with Martin v. Travelers' Ins. Co., 310 Mo. 411, l. c. 416, 276 S. W. 380, l. c. 381. That case, however, is not in point. Note a brief excerpt from the opinion concerning the facts:

"Nor can there be any doubt that he" (meaning insured) "was *not* wholly and continuously disabled from the night of September 15th, when the alleged injury was received, until after the completion of his night's work, on the shift beginning September 17th, from performing any and every kind of duty pertaining to his occupation."

The evidence was that the insured was a fireman on a railroad and that he worked or finished [861] his run on that day and completed another run following the injury. Respondents in their opinion did not base their ruling as to the sufficiency of the evidence alone on the fact that insured did not work. The opinion reveals that before the injury insured was a large man in good health and was exceedingly powerful for his age. When the tail gate struck him he fell to his knees in terrific pain. Spots of blood appeared on his neck and the

skin was broken. Thereafter he did not solicit business, but spent his time at home lying on a couch complaining of pain in the back part of his head and neck. His wife wanted him to see a doctor but he did not do so until August 16, at which time the doctor found insured's neck entirely rigid and infected. These are only some of the circumstances supporting the court's ruling. No evidence was introduced that plaintiff worked, or that he was able to work after the injury. The ruling of the court is not in conflict with the case relied upon by relator.

█ Relator contends respondents' opinion, holding that the question of vexatious refusal to pay was for a jury, is in conflict with rulings of this court in the following cases: Non-Royalty Shoe Co. v. Phoenix Assur. Co., Limited, of London, England, 277 Mo. 399, 210 S. W. 37; Aufrichtig v. Columbia. Nat. Life Ins. Co., 298 Mo. 1, 249 S. W. 912; State ex rel. Continental Life Ins. Co. of Kansas City v. Allen, 303 Mo. 608, 262 S. W. 43; State ex rel. John Hancock Mut. Life Ins. Co. v. Hughes, 152 S. W. (2d) 132; State ex rel. Gnekow v. U. S. Fidelity & Guaranty Co., 349 Mo. 528, 163 S. W. (2d) 86. Relator in its brief on this point has the following to say:

"Respondents, in their opinion, held that the question of vexatious refusal to pay was a question for the jury, properly submitted by instruction No. 4, because the defendant 'had but little competent evidence to offer, and that of but slight persuasive effect.'"

Relator at the trial offered, but the trial court refused to admit in evidence, signed statements of nine witnesses to the effect that the insured had worked after the accident. These witnesses denied having told a representative of .the company that the deceased had worked after he was injured. The court of appeals, on the question of vexatious delay, called attention to the fact that these alleged signed statements had not been obtained until after suit was filed. Note what respondents have to say in their opinion:

"So far as the record discloses, it denied liability, permitted the action to be brought, and then made its investigation of the case two months afterwards. If it had evidence in its possession other than that obtained at the time of such investigation, it made no effort to introduce it, and plaintiff is wholly within her rights in calling attention to this circumstance because of the necessity that she show vexatious delay beginning or occurring before the filing of the suit. State ex rel. v. Trimble, 322 Mo. 1236, 18 S. W. (2d) 21."

It is so apparent that the ruling of the court of appeals on this point is not in conflict with the cases cited by relator that we will not review them. In all of those cases this court held that there was a reasonable basis for a contest and substantial evidence offered in support of the defense made.

█ Again relator contends that respondents' opinion, approving the ruling of the trial court in refusing to admit in evidence the statements of nine witnesses called by the defendant, is in conflict

with Fay v. Aetna Life Ins. Co., 268 Mo. 373, 187 S. W. 861. Relator says that the nine witnesses were hostile and that relator was surprised when they refuted the statements. It will be noted from respondents' opinion that the trial court permitted relator to cross-examine the first of these nine witnesses and then refused to let the others be cross-examined, or to allow the statements to be offered as evidence. The court of appeals treated this question at length. Note pages 68 and 69 of 169 S. W. (2d). Respondents ruled the question correctly and in harmony with rulings made by this court. See cases cited in respondents' opinion at page 69 (7), the rule being that ordinarily a party will not be entitled to cross-examine his own witness or to impeach him by introducing signed statements alleged to have been made by such witness. Respondents in their opinion concluded the witnesses were not hostile or unfriendly, nor were they interested in the case.

 We now approach the only point made by relator that has any merit. The trial court gave, at plaintiff's request, instructions numbers one and two. Each authorized a verdict for plaintiff. Instruction number one appears at page 70 of 169 S. W. (2d), and instruction number two at page 71. Instruction number one did not require a finding that Zips was immediately, continuously and wholly disabled from the date of the accident to the date of death. This was a condition contained in the insurance contract. [862] Instruction number two required the jury to find all facts necessary to entitle plaintiff to recover. The court of appeals considered the question at length and held that since instruction number one was not plaintiff's principal instruction the omission was not reversible error. We quote the following from the opinion as to what the court held:

"If instruction No. 1 had been plaintiff's principal instruction, it would unquestionably have been erroneous, but since it was obviously not her principal instruction, we cannot believe that the giving of it should be held to have constituted reversible error when due regard is had for the limited and special purpose it was expressly designed to serve. This is not to say that the giving of instruction No. 2 would have cured the error of the omission of any essential element from instruction No. 1, but only that the inclusion of the element of immediate, continuous, and total disability was not essential to the sufficiency of instruction No. 1, which had nothing to do with the question of when the insured's disability became total, but was patently intended to do no more than charge the jury, in effect, that if the case was otherwise one where plaintiff should recover, she was not to be defeated by reason of the fact that the insured's injury became infected and diseased."

Instruction number one could easily have been worded so as to govern the point intended to be treated without directing a verdict, but since it authorized a verdict for plaintiff, if the jury found the questions of fact therein submitted in plaintiff's favor, and since it

omitted an essential issue of fact necessary to make a case for plaintiff, the instruction was prejudicially erroneous. The ruling of the court of appeals is in direct conflict with a ruling of this court made in the case of Bellows v. Travelers' Ins. Co. of Hartford, Conn., 203 S. W. 978, l. c. 985 (5) (6) (7). The case seems to be directly in point. Note what this court said under paragraph five:

"Taking the instructions together, they set out two grounds upon which a recovery may be had by the plaintiff: (1) Upon proof of the facts bringing the death directly within the terms of the policy; and (2) by proof of facts bringing it indirectly within the terms of the policy by showing that the death resulted from disease induced by the injury. The first instruction required proof of continuous disability. The second required no proof of intervening disability whatever. That this omission in the second is error is not denied, nor can it be denied that the first instruction had no tendency to render it harmless. Each covered the whole case upon its own distinctive facts."

Under paragraph seven this court had the following to say:

"An instruction which expressly directs the jury to return a particular verdict upon finding a particular fact is not rendered harmless by one which tells them not to return such a verdict without proof of another fact, because it is impossible to obey both unless that other fact be found. It is a doctrine, reeking with danger, which imposes upon them the duty of making such a choice.

"This exact question was before this court in banc in Hall v. Coal & Coke Company, 260 Mo. 351, 168 S. W. 927, Ann. Cas. 1916C, 375, and was decided, after full consideration in conformity with the views here expressed."

That portion of respondents' record and opinion dealing with the question of whether the giving of instruction number one constituted harmless error is hereby quashed. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.