THE STATE ex rel. CONTINENTAL LIFE INSURANCE COMPANY OF KANSAS CITY v. WILLIAM H. ALLEN et al., Judges of St. Louis Court of Appeals.

In Banc, May 13, 1924.

1. **INSURANCE:** False Answers in Application: Waiver: By Agent. It has often been decided by this court that the principal is only

State ex rel. Continental Life Ins. Co. v. Allen.

bound by the knowledge of his agent as to matters within the scope of his agency, and is not bound by notice to or knowledge of the agent in respect to matters outside the scope of his agency; but that rule was not contravened by the Court of Appeals in holding that the insurance company was bound, and waived false answers in the insured's application touching a previous severe assault and physical injuries resulting therefrom which subsequently caused his death, where the agent was fully informed concerning the assault upon the insured and his condition of health resulting therefrom, prior to taking the application, and thereafter accepted the application, procured the issuance of the policy, delivered it to the insured and accepted the premium, and that delivery by him, being within the scope of his agency, was delivery by the company, and any knowledge he had at the time of the delivery was the knowledge of the company, and that such facts constituted waiver on the part of the company; for this court has never ruled that where an agent has authority to deliver a policy and collect the premium, his prior knowledge of the insured's physical condition was not binding upon the company.

2. **CERTIORARI: To Court of Appeals: Similar State of Facts.** In a *certiorari* to a court of appeals the Supreme Court is concerned only with conflict of opinion. In such a case it is not the province of the Supreme Court to determine whether that court erred in its application of rules of law to the facts stated in its opinion, but the province of this court is to determine only whether upon those facts its opinion announced some conclusions of law contrary to the last previous ruling of this court upon the same or a similar state of facts.

3. ————: ————: **Proposition Not Decided or Discussed: Fraud.** This court cannot quash the opinion of a court of appeals for its failure to discuss a question which that court might appropriately have discussed and decided, but neither decided nor discussed. This court cannot on *certiorari* sustain a contention that, on the facts stated in its opinion, that court should have held that the defendant's agent and the insured were in collusion to perpetuate a fraud upon defendant and that the knowledge of the agent cannot therefore be considered the knowledge of defendant, where that court in its opinion did not consider such a proposition, and it was brought to its attention for the first time in a motion for a rehearing.

4. ————: ————: **Insurance: Vexatious Delay: Waiver: Meritorious Defense.** An insurance company cannot be penalized for vexatious delay or refusal to pay a policy if it has a meritorious defense to an action thereon. Where the insurance company's knowledge of

303 Mo. Sup.—39.

the acts of its agent which were held by the Court of Appeals to amount to waiver was admittedly purely constructive and not actual, and the agent at the trial denied that he had knowledge of the facts which that court held constituted waiver by the company, and his knowledge was established as a fact by plaintiff's evidence, of which the company did not have previous knowledge, the opinion of that court holding that "since the question of law involved was one previously settled by the adjudications in this State, and since the defendant must be held to have had such knowledge of the facts pertaining to the health of the insured as was possessed by the agent, the question whether defendant should be penalized as for vexatious refusal to pay the loss was one for the jury," contravened the decisions of this court in Non-Royalty Shoe Co. v. Assurance Co., 277 Mo. 399; State ex rel. Mo. State Life Ins. Co. v. Allen, 295 Mo. 307, and Berryman v. Southern Surety Co., 285 Mo. 379. For if neither the company nor its agent had knowledge of the insured's bad physical condition when the policy was delivered by the agent, which knowledge was held by that court to constitute waiver, the company had a complete defense, and the undoubted right to refuse payment and to defend an action on the policy.

Headnote 1:    Agency, 2 C. J. secs. 542, 544;   Insurance, 32 C. J. secs. 574, 584, 618;   Life Insurance, 28 Cyc. 863, 865;   Courts, 15 C. J. sec. 511.   Headnotes 2 and 3;   Courts, 15 C. J. sec. 511.   Headnote 4: Insurance, 33 C. J. sec. 890;   Courts, 15 C. J. sec. 511;   Life Insurance, 25 Cyc. 811.

## Certiorari.

WRIT QUASHED IN PART AND AWARDED IN PART.

*Jones, Hocker, Sullivan & Angert* and *Charles G. Revelle* for relator.

(1) The provision in the policy sued on, to the effect that the policy shall not take effect until delivery thereof during the lifetime of the insured and while he was in good health, was valid and binding, and unless complied with, or waived by the proper officers of the defendant, the contract was never in force. Carpenter v. Life Ins. Co., 246 S. W. 623; Cravens v. N. Y. Life Ins. Co., 148 Mo. 599; Kirk v. Woodmen, 169 Mo. App. 449; Ansin v. Insurance Co., 134 N. E. (Mass.) 350; Missouri

State Life Ins. Co. v. Salisbury, 279 Mo. 40. (2) Waiver is the intentional relinquishment of a known right, and since there is no proof that the company or Passer knew false answers had been made to the medical examiner, no waiver is shown. 27 R. C. L. 904; 14 R. C. L. 1155; Carpenter v. Life Ins. Co., 246 S. W. 626. (3) In order to bind the defendant, knowledge on the part of the soliciting agent, Passer, must have been procured in connection with his duties while acting within the scope of his employment. Since he had nothing whatever to do with the medical examination of the insured, he had no authority to bind the company on account of knowledge or acquiescence on his part. Hickman v. Green, 123 Mo. 174; Donham v. Hahn, 127 Mo. 446-447; Smoot v. Judd, 184 Mo. 583; Mallen v. Ins. Co., 168 Mo. App. 505. (4) The insured committed a fraud in concealing his condition from the medical examiner, and if plaintiff's evidence is true, Passer was also guilty of fraud in not communicating his knowledge to his principal. Under such circumstances, the knowledge of Passer cannot be imputed to the company. Hickman v. Green, 125 Mo. 176; Traber v. Hicks, 131 Mo. 192; Smith v. Boyd, 162 Mo. 157; Mechanics Bank v. Schaumburg, 38 Mo. 243; Merchants Nat'l Bank v. Lovitt, 114 Mo. 525. (5) The evidence is wholly insufficient to authorize a finding of vexatious refusal to pay, and the respondents failed to follow controlling decisions of the Supreme Court on this question. Non-Royalty Shoe Co. v. Assur. Co., 277 Mo. 399; State ex rel. v. Allen, 243 S. W. 839.

*Edward W. Foristel* and *James J. O'Donohoe* for respondents.

(1) The stipulation in the policy sued on, to the effect that the policy shall not take effect until delivery thereof during the lifetime of the insured and while he was in good health, was waived. "An agent who solicits insurance, writing the application, delivering the policy and collecting the premium, has authority to make a waiver or create an estoppel, and even if his authority is limited

to the knowledge of the insured, his acts are those of the insurer and bind, though exceeding the limitation.'' Bush v. Insurance Co., 85 Mo. App. 155; Saeteelle v. Insurance Co., 81 Mo. App. 509; Scarritt Estate v. Casualty Co., 166 Mo. App. 567; Shuler v. Insurance Co., 191 Mo. App. 52; Coolidge v. Insurance Co., 1 Mo. App. 109. (2) A soliciting agent is the *alter ego* of the company, with power ''to alter, waive, rescind or vary the whole or any provision of the policy, notwithstanding the policy provides that 'no contract, alteration or discharge of contract, waiver of forfeiture, nor granting of permits or credits, shall be valid unless the same shall be in writing, signed by the president or vice-president and one other officer of the association.' '' James v. Life Association, 148 Mo. 1. (3) The knowledge of Passer, the soliciting agent, is imputable to the company. His knowledge of insured's condition is the company's knowledge. Leonard v. Shale, 266 Mo. 123; Cooper v. Newell, 263 Mo. 190; Henry v. Sneed, 99 Mo. 407; Meier v. Blume, 80 Mo. 179, 183. Upon the same principle a waiver of the condition as to delivery while the insured is in good health is implied while he is not in good health within the knowledge of the agent making the delivery. Manning v. Insurance Co., 176 Mo. App. 678, 688. (4) Relator, with proofs of death in its possession, from the 17th day of November, 1919, held on to the premium until the day of trial, which was in November, 1920, although the insured had died on the 7th day of November, 1919. And by its actions in that behalf it ratified the waiver. The right to rescind a contract on the ground of fraud must be on discovery of the fraud. Relator elected to hold on to the consideration and treat the policy as a valid contract. Wood v. Telephone Co., 223 Mo. 537, 565; Taylor v. Short, 107 Mo. 384; Lierheimer v. Life Ins. Co., 122 Mo. App. 374; Bell v. Ins. Co., 166 Mo. App. 390; Meinershagen v. Taylor, 169 Mo. App. 12. (5) Relator asserts that ''if plaintiffs' evidence is true, Passer was also guilty of fraud in not communicating his knowledge to his principal; under such circumstances the knowledge of Passer cannot be imputed to the company.'' This question was not embraced

in the pleadings or suggested at the trial or advanced at the hearing before respondents. It found its way into the case for the first time in the relator's motion for rehearing. The question, even if meritorious, came altogether too late, for questions not raised below will not be reviewed. And the question that the insured and beneficiary, in conjunction with Passer, were guilty of collusion and fraud, was imported into the case for the first time in relator's motion for rehearing, thus depriving plaintiff of any opportunity to refute that ugly and groundless charge. Brunswick v. Ins. Co., 278 Mo. 154; Palmer v. Alexander, 162 Mo. 127; Laclede Nat. Bank v. Richardson, 156 Mo. 270, 285. Neither of those questions was before respondents when they decided the case. Hence this court will not consider them. State ex rel. Continental Ins. Co. v. Reynolds, 289 Mo. 382; State ex rel. Packing Co. v. Reynolds, 287 Mo. 697. (6) Respondents did not fail to follow any controlling decision of this court on the allowance of damages and attorney's fee, for this court has never ruled on the question of damages and attorney's fee on the same or a similar state of facts. And respondents clearly recognized the general principles found in the decisions of this court. And whether respondents made a correct application of said principles on the facts before them is not for the determination of this court. State ex rel. v. Agricultural Ins. Co., 254 S. W. 194, 198. And in view of the evidence and the fact that the law involved had previously been well settled by decisions of this court, respondents committed no error in affirming the judgment on the questions of damages and attorney's fee. R. S. 1919, sec. 6337; Barber v. Ins. Co., 279 Mo. 316, 12 A. L. R. 758; Young v. Ins. Co., 269 Mo. 1; Fay v. Ins. Co., 268 Mo. 373; Keller v. Ins. Co., 198 Mo. 440; Williams v. Ins. Co., 189 Mo. 70.

DAVID E. BLAIR, J.—This is an original proceeding in *certiorari* whereby relator seeks to have quashed an opinion of respondents as judges of the St. Louis Court of Appeals, affirming the judgment of the trial court in

the case of Ira May Brabham, respondent, against relator here, as appellant in that court, on the ground that said opinion is in conflict with certain decisions of this court. To avoid confusion we will refer to Mrs. Brabham as plaintiff, as in the trial court.

It is unnecessary to detail all the facts. The opinion of respondents is reported in 253 S. W. 786, to which reference is made for facts not herein recited. It is sufficient to say that on February 25, 1919, insured, the deceased husband of plaintiff, made application to relator for insurance in the sum of $2000. A policy was delivered to him by relator March 4, 1919, and subsequently the premium was paid.

According to the opinion of respondents, the evidence shows that on January 20, 1919, insured, who was a physician, was assaulted and beaten and thereby received severe physical injuries which caused his death on November 7, 1919. He was suffering from such injuries at the time the application was signed by him and when the policy was delivered to him. The evidence of plaintiff tended to show that the condition of insured was apparent to any layman and that Passer, the agent of relator, actually knew all about his condition and the injuries he had received. Respondents had the following to say concerning the effect of the testimony of Antonio Haskell, brother of the plaintiff:

"According to his testimony the agent was fully informed of the prior assault upon the insured and that the latter was then suffering from the result thereof, and with this knowledge told the insured that it would be very necessary for him to have this insurance on account of his physical condition in order to protect his wife and family."

The petition was in usual form, asking for judgment for the face of the policy, together with damages and attorney's fees for vexatious delay. Among other things, the answer set up the affirmative defense that insured, in answer to questions propounded to him in his application for the policy, made a part of the contract of in-

surance, falsely stated that he had suffered no injury or disease during the last five years prior thereto and was then in good health. The answer then pleaded that he was severely injured on January 20, 1919, and was suffering from the effects thereof at the time the application was made and that he died as the result of such injuries. The answer further alleged that he was not in good health at the time of said application and therefore the policy never became effective. The answer also pleaded a provision in the policy providing that it should not become effective unless the applicant was in good health at the date of the delivery of the policy. The reply denied the new matter in the answer and alleged waiver of the defense set up in the answer because of knowledge of insured's physical condition on the part of defendant, its officers, agents and employees, and that with such knowledge defendant delivered the policy to insured and received the premium thereon. Plaintiff had judgment for the face of the policy and also for damages and attorney's fees for vexatious delay.

The insurance policy provided that it should not take effect until the first premium had been paid, etc., "or unless the applicant is in good health at the date of its delivery." The following questions and answers from the application are shown in the opinion: "Are you in good health? Yes. . . . What disease or injuries have you had during the last five years? None."

Concerning the proof tending to show waiver, respondents said:

"In support of her plea of waiver, plaintiff adduced evidence tending to show that defendant's agent, Passer, was fully informed concerning the assault upon the insured on January 20, 1919, and of the insured's condition of health resulting therefrom, prior to taking the insured's application for the insurance, but that with such knowledge he solicited the insurance, accepted the application therefor, procured the issuance of the policy and delivered it to the insured and collected the premium

thereon, a part of which was paid by the insured and a part subsequently paid by this plaintiff.''

The agent, Passer, testified ''that he knew nothing about the injury to the insured prior to taking the application and delivering the policy; that the insured did not mention his injury, and that there was nothing in his appearance to indicate that he had been injured or was in bad health. He said that he subsequently went to insured's home and suggested to this plaintiff that the best thing for her to do was to pay the premium or return the policy, and that plaintiff volunteered to go down with him to the bank, where she drew funds and gave him $98.50, for which he gave her a receipt.''

I. The first claim of conflict of opinion made by relator is that ''the respondents held that the soliciting agent was such an agent that knowledge on his part of such injury and illness was the knowledge of the relator, and in so holding, the opinion of respondents is contrary to the following decisions of the Supreme Court to the effect that knowledge of an agent obtained while not acting within the scope of his employment, or knowledge obtained about a matter concerning which he has no duty, will not bind the principal: Donham v. Hahn, 127 Mo. l. c. 446-447; Hickman v. Green, 123 Mo. l. c. 174; Smoot v. Judd, 184 Mo. l. c. 583.''

*Waiver: Agent's Knowledge.*

The opinion of respondents stated the facts relative to the authority of Passer as follows:

''Touching the matter of the authority of the agent, Passer, plaintiff made proof that Passer was a soliciting agent for defendant, having authority to solicit insurance, take applications and fill them out, to collect the premiums thereon and receipt therefor, and to deliver policies for which he had taken applications.''

We have carefully examined the cases relied on by relator. There is no question that they declare the rule to be that the principal is only bound by the knowledge of his agent as to matters within the scope of the agency

and is not bound by notice to or knowledge of the agent in respect to matters outside the scope of his agency.

As we understand respondents' opinion they announce no rule contrary to the rule thus laid down in the cases relied on by relator. Respondents said:

"It is defendant's contention that Passer, being merely a soliciting agent, 'having no authority to sign or issue policies or make contracts of insurance,' had 'no authority to waive a provision in the application for life insurance or in the policy;' and that the·trial court consequently erred in submitting the issue of waiver to the jury. But we are not persuaded that defendant is correct in this contention. Passer was defendant's agent, with authority to prepare and take applications for insurance, to deliver the policy when issued and to collect the first annual premium thereon, retaining his commission and accounting to defendant for the portion thereof due it. Under the facts shown in evidence we think that the knowledge of defendant's agent in the premises was defendant's knowledge.

"In Kring v. Insurance Co., 195 Mo. App. 133, l. c. 136, 189 S. W. 628, it is said: 'It is also settled law that a soliciting agent of an insurance company without power to issue policies is the company's agent in taking applications with full power and authority as to such applications and that acts which he performs and knowledge which he receives and acts on in connection with such applications are binding on the company' (citing cases).

"And if, when the application was received and when the policy was delivered, the agent (and consequently defendant) knew of the insured's prior injury and that he was not then in good health, defendant must be held to have waived the right to defend upon the grounds here asserted by it by way of affirmative defense. [Jones v. Insurance Co., 173 Mo. App. 1, 155 S. W. 1106; Manning v. Connecticut Fire Ins. Co., 176 Mo. App. 678, 159 S. W. 750; Madsen v. Insurance Co., 185 S. W. 1168; Kring v. Insurance Co., supra; 14 R. C. L. p. 1159.]"

In effect, respondents' holding is that it was one of the duties of the agent to deliver the policy and to col-

lect the premium and that delivery by him was delivery by the insurance company and that any knowledge he had when he delivered such policy, which affected the propriety of delivering the policy to insured under its terms, was, to all intents and purposes, the knowledge of the company. In other words, respondents have held that the knowledge came to the agent while he was acting for the insured in respect to a matter within the scope of his employment. The cases cited by relator are thus distinguished.

Respondents cite numerous authorities tending to support their conclusions upon the facts as thus found. We think it unnecessary to cite them here. Most of such cases are from the courts of appeals. No case from this court has been cited which is contravened by relator's opinion in the respect we are now considering. It is not our task here to determine whether or not respondents decided the case correctly. In this proceeding, we are concerned only with conflict of opinion. As was said by ELDER, J., in State ex rel. v. Reynolds, 235 S. W. (Mo.) l. c. 90: "It is not our province to determine whether the Court of Appeals erred in its application of rules of law to the facts stated in its opinion, but only whether upon those facts it announced some conclusion of law contrary to the last previous ruling of this court upon the same or a similar state of facts." [See also State ex rel. v. Allen, 243 S. W. (Mo.) l. c. 841, and cases cited.]

It is doubtless true that Passer did not represent relator in the preparation of the answers in that part of the application assigned to the medical examiner and could not bind relator by knowledge of the falsity of such answers. But respondents rest their opinion upon the knowledge of Passer as to insured's bad physical condition when he delivered the policy. They held such delivery was within the scope of his agency and that knowledge coming to him, while thus acting within the scope of his agency, was the knowledge of relator and binding upon it.

As we understand respondents' opinion, no conflict exists in this particular and such contention of relator must be overruled.

II.   Relator next contends that the opinion of respondents conflicts with Mechanics Bank v. Schaumburg, 38 Mo. l. c. 243, 244, and Traber v. Hicks, 131 Mo. l. c. 191, 192, which are said to hold that where **Fraud: Proposition Not Decided.** the conduct of an agent and a third person amounts to a fraud upon the principal, the knowledge of such agent cannot be considered the knowledge of the principal.

Relator contends that, on the facts stated in their opinion, respondents should have held that such fraud and collusion existed between the agent and insured as would estop the plaintiff from making her plea that the knowledge of Passer was the knowledge of relator.   Such contention would be more appropriate if we were here sitting as an appellate court instead of sitting in the exercise of our powers of superintending control over an inferior court.   We are unable to find anywhere in respondents' opinion any discussion whatever of the proposition relator now urges us to consider.   Respondents suggest that relator first made this contention in its motion for rehearing before respondents.   In this proceeding, we cannot quash the opinion for its failure to discuss a question respondents might have appropriately discussed and decided but did not do so.   This proposition is too plain to require citation of authorities to support it.

III.   The final contention of relator is that respondents' opinion conflicts with Non-Royalty Shoe Co. v. Assurance Co., 277 Mo. 399, and State ex rel. v. **Vexatious Delay.** Allen, 243 S. W. (Mo.) 839, in approving the assessment by the jury of penalties for vexatious delay.   On this point respondents said:

"Furthermore, since we regard the question of law involved as being one previously settled by the adjudica-

tion in this State, and since the defendant must be held to have had such knowledge of the facts pertaining to the health of the insured as was possessed by the agent, we see no escape from holding that whether, under the statute, defendant should be penalized as for vexatious refusal to pay the loss was a question for the jury. We consequently rule that there was substantial evidence that defendant's refusal to pay the loss was vexatious. Such holding, we think, is within both the letter and the spirit of the rule announced in Patterson v. Insurance Co., 174 Mo. App. 37, l. c. 44, 160 S. W. 59, approved in Non-Royalty Shoe Co. v. Assurance Co., 277 Mo. 399, 210 S. W. 37, and is not in conflict with the ruling in State ex rel. Missouri State Life Insurance Co. v. Allen, 243 S. W. 839.''

While it is settled law that the principal is bound by the knowledge of his agent acquired with reference to matters within the scope of his agency, relator's knowledge admittedly was purely constructive and not actual. On the witness stand, its agent denied any knowledge whatever of the insured's previous injury and his resulting bad physical condition. If neither the relator nor its agent had knowledge of insured's bad physical condition when the policy was delivered, relator had a complete defense to the suit and the undoubted right to refuse payment and to defend the action after it was instituted. Respondents recite no facts in their opinion tending to show that relator had any reason to expect the proof to show that its agent, who delivered the policy, and consequently relator itself, had knowledge of insured's bad physical condition at the time the policy was delivered and, therefore, that such defense was waived. Relator, therefore, had the right to litigate the case on the proposition that it had not waived what would otherwise have been a complete defense to plaintiff's suit. An insurance company's right to resist payment upon one of its policies cannot be determined by the facts as found by the jury, but must be determined by the facts as they reasonably appeared to it before the trial. It has the right

to refuse payment and to defend a suit with all the weapons at its command, so long as it has reasonable ground to believe its defense is meritorious. It is only when it persists in its refusal to pay the policy after it is aware that it has no meritorious defense that it becomes subject to penalties for vexatious delay. We have only the facts before us as stated by respondents in their opinion, and those facts do not include the fact that relator, as defendant in the trial court, did not have reasonable ground for belief that it had a meritorious defense upon the ground of the uninsurable condition of insured when the policy was delivered to him and that it had not waived such defense because of its knowledge or the knowledge of its agent thereof.

In Patterson v. Insurance Co., 174 Mo. App. l. c. 44, TRIMBLE, J., said: "And while affirmative proof is not required to show vexatious refusal, yet the penalty should not be inflicted unless the evidence and circumstances show that such refusal was willful and without reasonable cause as the facts appeared to a reasonable and prudent man before the trial; and merely because the judgment, after trial, is adverse to defendant's contention, is no reason for inflicting the penalty."

This statement of the law was expressly approved in the Non-Royalty Shoe Company Case, supra, now relied on by relator, and thus it became a part of the latter case. Court en Banc expressly approved Patterson v. Insurance Co., supra, on this point in State ex rel. Missouri State Life Ins. Co. v. Allen, 243 S. W. (Mo.) l. c. 843, when it followed the Non-Royalty Shoe Company Case. [See, also, Berryman v. Southern Surety Co., 285 Mo. 379.]

It would seem that the question of vexatious delay should not have been submitted to the jury unless there was some evidence in the case either that defendant was not making its defense of want of knowledge on the part of its agent in good faith, or that it knew the proof to the contrary was so strong that it could not reasonably have expected a finding on the point in its favor, and hence a verdict at the hands of the jury.

The finding of facts under which respondents approved the infliction of the penalty by the jury falls short of these requirements, which we think are fairly deducible from the cases we have discussed, and thus conflict is engendered.

We therefore hold that such portion of respondents' opinion as approves the allowance in the trial court of damages for vexatious delay must be quashed. All concur.