No. 14,027.

Light *v.* Equitable Life Insurance Company.
(73 P. [2d] 530)

Decided October 18, 1937.   Rehearing denied November 8, 1937.

Mr. Charles H. Smith, for plaintiff in error.

Mr. L. WARD BANNISTER, Mr. STANLEY L. DREXLER, for defendant in error.

*In Department.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

LORA E. Light, plaintiff in error, named as beneficiary in an insurance policy issued upon the life of her husband, John C. Light, by the Equitable Life Insurance Company of Iowa, defendant in error, brought suit to recover upon the policy. To review a judgment entered against her upon the pleadings and a stipulation, she prosecutes this writ of error. Herein reference will be made to her as plaintiff, and the insurance company will be designated as defendant.

March 27, 1933, the defendant issued the policy in suit for $3,000 upon a quarterly premium basis, the first installment in the sum of $16.71 being paid in advance of the execution of the policy, which provided for the payment of a like sum ''on or before the 27th day of June, September, December and March of each year until the death of the insured.'' Further pertinent provisions contained therein are to the effect that the policy, together with the application therefor, should constitute the entire contract between the parties; that ''a failure to pay any premium note or premium extension agreement when due and payable shall cause the policy to cease and determine,'' except as further provided therein; that the mode of premium payments might be changed on any anniversary of the policy, but the payment of any premium should not maintain the policy in force beyond the date when the next payment was due; and further, that ''any indebtedness to the company on account of the policy and any unpaid portion of the premium for the current insurance year in which the death of the insured occurs will be deducted in any settlement'' under the policy.

After delivery of the policy to the insured and payment

of the first quarterly premium, and on or about April 12, 1933, the insured, and plaintiff, the beneficiary, delivered the policy to defendant together with an application for a change of the premium paying provisions from a quarterly to an annual basis, and insured submitted therewith his three promissory notes, each bearing date of March 27, 1933, in the sum of $15.92 each, bearing interest at six per cent per annum from date, each being for part of the premium and maturing three, six and nine months after the date of the policy, March 27th, 1933, which, incidentally, was made the date of the notes. Each note contained a pledge of the policy for its payment; also the following language: ''But this note if not paid at maturity is not to be considered as payment of said premium, and said policy will thereupon, without notice, cease to be in force and will have no value.'' The defendant retained the application and notes, returning the policy to the insured with the information that a rewriting of the document was not necessary and that it had noted the change in the premium payment basis upon its records. The first of the notes matured June 27, 1933, prior to which date the defendant notified the insured of the maturity thereof and that payment should be made on or before the due date. The insured failed to pay this note and the defendant made no further demand or request upon him for its payment or for the payment of either of the remaining notes subsequently falling due, and on the thirtieth day of November, 1933, the insured died.

Plaintiff grounds her complaint in this action upon the theory that the insurance contract extended for a period of one year and was in full force and effect at the date of the death of the insured by reason of the payment of the premium therefor, partly in cash and partly in promissory notes. Defendant, by its answer, alleged that the contract of insurance was not in force at the time of the death of the insured because of the nonpayment of the premium and premium notes. At the beginning of the trial plaintiff moved for judgment on the pleadings and

thereupon plaintiff and defendant stipulated as to the facts, which stipulation being received in evidence, the defendant moved for judgment on the pleadings and facts as stipulated. Defendant's motion was granted and judgment entered accordingly.

In view of the facts and contentions of the parties hereto, the determination of one question only is involved, namely: Did the giving of the notes by the insured and acceptance thereof by defendant constitute a payment of a year's premium extending the life of the insurance contract for one year from its date and beyond the date of the death of the insured? Under its terms, the policy delivered to the insured, together with the application therefor, constituted the entire contract between the parties, and if not altered by consent or agreement, it so remained. Neither our statutes nor public policy prevent a subsequent change in an insurance contract by the parties in interest. Our statutes require that the policy contain the entire contract between the parties, with a further provision that it state that the premiums therefor shall be payable in advance. The latter provision does not require the payment of the premium in cash or that it be a premium for a full year period. '35 C. S. A., c. 87, §57. The payment of a quarterly premium, if the policy provides for quarterly payments, meets the statutory requirement as fully as would the payment of an annual premium. The policy here under consideration stands as originally issued, and discloses that the premiums were to be paid upon a quarterly basis. We cannot see that the giving of notes by the insured, and their acceptance by the defendant, which notes bore the exact date of the policy and matured upon the dates fixed in the policy for the advance payment of the subsequent quarterly periods— when their terms and conditions are considered—in any way injured or benefited either of the parties to the contract or changed their status as fixed on the date of the delivery of the policy. We are inclined to the view, that in the absence of any other or further provision in the

policy or the note which specifically extended insurance to the insured without the payment of the note or notes when due, that the forfeiture provisions of either the policy or the notes would control. However, there can be no doubt that both, when read together, definitely fix the rights of the insured and that according to his own making. He accepted the policy as written which contained the forfeiture provision above mentioned. His desire for a change in the mode of payment to an annual basis—difficult to understand—and which he did not accomplish to his benefit, further accentuated the forfeiture provision of the policy by the terms of the part-premium notes which he gave for the three remaining periods of the first insurance year. The insurance for which he contracted and paid, by the terms of the policy appearing on its face, did not extend beyond the 27th day of June, the first quarter period. The note which he gave, maturing on that date, was a promise to pay that part premium; it so states, and contained the further specific condition—of his making—that if not paid at maturity (June 27) the note was not to be considered payment of premium and the policy would cease to be in force and have no value. He acquiesced in the further condition that such failure would terminate his contract with defendant without any notice to him. We could not more definitely fix his rights than he did for himself and of course his beneficiary the plaintiff herein, has no other or superior rights. Both are bound by what he signed. There is no question here involved of the granting of an extension of time by defendant for the payment of the premium, and a retention by it of the notes in question after maturity did not constitute a waiver of the forfeiture provision of the policy, because the latter expired upon insured's failure to pay the notes at maturity. There was nothing to waive, and the policy could be revived only upon subsequent terms to be agreed upon.

We therefore are of the opinion, and hold, that the policy sued upon in this case, by its own terms, and the

further terms incorporated in the premium notes by the insured, had lapsed; that it was not in force at the time of his death, and that plaintiff was without right to recover thereon. The judgment accordingly is affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE HILLIARD and MR. JUSTICE BAKKE concur.