## HOBBS v. MUTUAL BENEFIT HEALTH & ACCIDENT ASS'N.

### No. 5641.

United States District Court
W. D. Missouri, W. D.

May 11, 1950.

Will H. Hargus, Harrisonville, Mo. for plaintiff.

Henry I. Eager, Blackmar, Newkirk, Eager, Swanson & Midgley, Kansas City, Mo., for defendant.

REEVES, Chief Judge.

This case has been submitted for the most part upon an Agreed Statement of Facts. The facts agreed upon are sufficient for a determination of the questions presented. On the 17th day of August, 1938, there was issued to the plaintiff's decedent, Jack Austin Hobbs, a policy of Health and Accident Insurance by the defendant. All premiums were paid by the policyholder up to and including the date of his death by accident on the 14th of December, 1948. In the Agreed Statement of Facts it is

stipulated by paragraph 8: "That Jack A. Hobbs, the aforesaid insured, died in Johnson County, Missouri, on December 14, 1948, and that his death resulted from bodily injuries sustained on said last named date through purely accidental means."

By paragraph 5 of said stipulation it was agreed: "That the insurance under the said policy, as provided by the terms thereof, was in force on December 14, 1948."

There was no controversy but that the death benefit of $2,500.00 stipulated on the face of the policy matured for payment upon the death of the insured and that the defendant has tendered, with limitations or conditions, such amount to the beneficiary, now the plaintiff.

The controversy, however, arises over a provision in the policy in respect of "Part C. Annual Increase Two Hundred Fifty Dollars Per Year".

The provision is as follows: "After the first year's premium has been paid, each year's renewal premium paid in advance on this policy shall add Two Hundred Fifty Dollars to the death benefit until the same amounts to Five Thousand ($5,000.-00) Dollars."

It is undisputed that if the plaintiff is entitled to the benefit of this increase, then the amount due would be $4,750.00. Otherwise, as stated, she is entitled to recover only $2,500.00. It is the contention of the defendant that the increased benefits depended upon the payment in advance of the full annual premium, and that since each year's premium was paid in quarterly installments, the plaintiff is not entitled to the increase. The provision in respect of premium payments is found on page 3 of the policy, in paragraph (d) under the clause entitled "Additional Provisions."

This paragraph is as follows: "(d) The copy of the application attached hereto is hereby made a part of this contract and this policy is issued in consideration of the statements made by the Insured in the application and the payment *in advance* (emphasis mine) Twenty-Two .......... ($22.00 ...) Dollars as first payment; *and the payment in advance,* (Emphasis mine) and acceptance by the Association, of premiums of ...... Twelve ...... ($12.-00) Dollars ...... Quarterly ...... thereafter, beginning with Dec. 1, 1938, is required to keep this policy in continuous effect. * * *."

The only question for decision is a proper interpretation of the foregoing provisions.

On the face of the policy in large type are the words:

"Ten Year Annual Increasing Policy"

And then, as stated, are the provisions hereinbefore set out.

1. Adverting to "Part C." of the policy relating to the "Annual Increase Two Hundred Fifty Dollars Per Year", it is there stipulated that: " * * * each year's renewal premium paid in advance on this policy shall add Two Hundred Fifty Dollars to the death benefit * * *."

The question, of course, is whether the quarterly installment payments constitute such a premium payment in advance as to invoke the beneficial provisions of said Part C. It is to be noted that in the provision for premium payment, the quarterly installments are to be paid in advance.

An examination of the policy and its sundry provisions does not disclose any limitation upon the liberal provision with respect to the annual increase in the benefits but apparently the policy contemplated, by reason of the blank spaces in the printed form, that the annual premium was not required to be paid in full in advance at one time but that it might be paid in advance by quarterly installments.

Counsel for defendant has submitted an oral opinion of Judge Joyce, of the District of Minnesota, in Case No. 834, Sullivan v. Mutual Benefit Health & Accident Association, pending in the 4th Division of the Minnesota District. Judge Joyce rendered his opinion on the 15th of April, 1943. It was his view, as expressed in his oral opinion, that a policy precisely like this, where the premiums were paid quarterly, would not afford to the policyholder the benefit of the increase. However, there are other authorities which, by analogy, would favor the larger amount.

In the case of Light v. Equitable Life Ins. Co. of Iowa, 101 Colo. 278, 73 P.2d 530, loc. cit. 531, the Supreme Court of Colorado briefly discussed a statute of Colorado which requires that all life insurance payments were payable in advance. The court said: "Our statutes require that the policy contain the entire contract between the parties, with a further provision that it state that the premiums therefor shall be payable in advance. The latter provision does not require the payment of the premium in cash or that it be a premium for a full year period * * *. The payment of a quarterly premium, if the policy provides for quarterly payments, meets the statutory requirement as fully as would the payment of an annual premium. The policy here under consideration stands as originally issued, and discloses that the premiums were to be paid upon a quarterly basis."

In 44 C.J.S., Insurance, § 345, pages 1315 and 1316, under the general heading of "Payment in advance," the text reads: "Where the contract of insurance or policy does not provide otherwise, premiums, or the respective installments thereof, are usually payable in advance, even in the absence of an express provision in the insurance contract or policy to that effect."

It will be noted from this text that "premiums, or the respective installments thereof, are usually payable in advance, * * *."

■ In the case of John Hancock Mutual Life Ins. Co. v. Chevillon, 45 F.2d 980, loc. cit. 981 and 982, the Court of Appeals for the 7th Circuit said in respect of premium payment: "For appellee it is contended that by the terms of the policy the unpaid instalment was not necessarily payable in advance, but might be paid any time during the policy year. *We think the clause, 'all premiums hereunder are payable in advance, annually, or in regular equivalent semi-annual or quarterly instalments,' is susceptible of no other construction than that all stipulated premium payments, whether annual, semiannual, or quarterly, were payable in advance."* (Emphasis mine.)

From the foregoing it would appear that a reasonable and fair interpretation of the policy would leave no room for doubt but that it was intended to grant the benefit of the increase whether premiums were paid in full in cash at the beginning of the year or paid in advance by quarterly installments.

■ 3. If, however, there be ambiguity (and I perceive none) then the rule was well expressed in Harvey v. Union Central Life Ins. Co., 4 Cir., 45 F.2d 78, loc. cit. 80, 81, where the court said: "And it is a fact universally recognized that policies of insurance are prepared by the companies and that if ambiguity exists in their provisions so that either one of two views may be reasonably adopted by the courts, that view will be sustained which is most favorable to the insured."

The Supreme Court of Missouri in Halsey v. American Cent. Life Insurance Co., 258 Mo. 659, loc. cit. 669, 167 S.W. 951, loc. cit. 952, said: "All the courts of the country, both state and federal, give a very liberal construction to contracts of insurance, and never permit a miscarriage of justice by a technical or narrow construction thereof."

4. The plaintiff seeks damages for vexatious delay under the provisions of a Missouri Statute, and there was evidence as to the reasonableness of attorney's fee in support of the averment that the defendant had vexatiously refused to pay the policy. While the right of the plaintiff to the increased amount appears clear to the court, yet, as indicated, Judge Joyce of the District of Minnesota, upon an identical provision and upon identical facts, held that there was no liability upon the insurer for the increased benefits.

Furthermore, when proofs were made, the defendant promptly tendered the face of the policy in the sum of $2,500.00 with the condition it be accepted in full settlement, and denied liability for the increase. Apparently there have been few decisions construing policies with the provisions discussed. The record discloses that the defendant has acted in good faith and has not vexatiously refused to pay the loss.

Section 6040, R.S.Mo.1939, Mo.R.S.A., provides that: "In any action against any insurance company to recover the amount of any loss under a policy of * *. · * life, health, accident * * * insurance, if it appear from the evidence that such company has vexatiously refused to pay such loss, the court or jury may, in addition to the amount thereof and interest, allow the plaintiff damages not to exceed ten per cent on the amount of the loss and a reasonable attorney's fee * * *."

This statute has been construed to mean that the issue of vexatious delay should not be submitted to a jury in the absence of evidence showing lack of good faith. State ex rel. Continental Life Ins. Co. v. Allen, 303 Mo. 608, 262 S.W. 43.

The very fact that the company offered to pay the face amount of the policy and stipulated all the facts for a judicial decision shows that it has not vexatiously refused to pay the loss. Under such circumstances nothing should be allowed plaintiff on this contention.

In view of the above, judgment should be entered for the plaintiff for the sum of $4,750.00 with interest at the rate of 6% from and after March 2, 1949.