MRS. VIRGIE ULMAN and SHIRLEY ULMAN, Appellants, v. CHEVROLET-ST. LOUIS DIVISION OF GENERAL MOTORS CORPORATION.—163 S. W. (2d) 778.

Division Two, June 17, 1942.

Rehearing Denied, July 28, 1942.

*Charles Long* and *E. C. Friedewald* for appellants.

*John S. Leahy, Jr., Wm. O'Herin* and *Leahy, Walther & Hecker* for respondent.

BOHLING, C.—Virgie Ulman and Shirley Ulman, surviving wife and daughter, appeal from a judgment of the circuit court affirming an award of no compensation by the Workmen's Compensation Commission for the death of Orville S. Ulman, an employee of the Chevrolet-St. Louis Division of General Motors Corporation. Claimants seek benefits totaling $9,283.60.

The issue is whether the Commission's finding "from all the evidence" that claimants failed to establish that the death of Mr.

Ulman "was caused by an accident arising out of and in the course of his employment" is to stand. The burden was on claimants. DeLille v. Holton-Seelye Co., 334 Mo. 464, 470[4], 66 S. W. (2d) 834, 836[4]. Awards of the Workmen's Compensation Commission are in the nature of special verdicts and courts of review do not weigh the evidence or pass on the credibility of the witnesses. Leilich v. Chevrolet Motor Co., 328 Mo. 112, 120(II), 40 S. W. (2d) 601, 604[4, 5]; Decker v. Raymond Concrete Pile Co., 336 Mo. 1116, 1118[1], 82 S. W. (2d) 267[1]; Yancey v. Egyptian T. & T. Co. (Mo. App.), 95 S. W. (2d) 1230, 1231[2, 3].

Mr. Ulman died November 19, 1939, of tularemia, sometimes called "rabbit fever." The evidence established that this is an infectious disease caused by bacilli tularense, which enter through the skin, broken and unbroken. There was testimony that the portal of entry into the body of Mr. Ulman was a traumatic laceration on the dorsum of his right ring finger. Claimants assert that if the testimony of their witness Irwin A. Birkel is accepted they made a case within the provisions of Sec. 3695(b), R. S. 1939, reading: "The term(s) 'injury' and 'personal injuries' shall mean only violence to the physical structure of the body and such disease and infection as naturally results therefrom."

Claimants contend Mr. Ulman was injured on October 31, 1939. Clarence Hays and Ethel Hays, brother and sister of Mrs. Ulman, resided with the Ulmans, and together with Mr. Ulman, had been riding to and from work with Irwin A. Birkel. Mr. Birkel, upon whose testimony claimants rely, testified that Mr. Ulman and he were performing a two-man operation on a machine most of the day of said October 31, but there was a lull in the work and they became separated for thirty-five to forty minutes, Mr. Ulman evidently leaving to perform some other work in another part of the premises. Over objections interposed and exceptions saved, Mr. Birkel testified that when Mr. Ulman returned: "He mentioned, 'I squeezed my hand' or 'I bumped my hand.' I cannot definitely say what he did say, but he mentioned that to me when he came back from the single-man operation;" that the men handle automobile springs most of the time, which are heavy, "and by handling them you may bump yourself; it happens now and then; you may get your glove caught or something like that; that is all I can say." He also testified that Mr. Ulman had trouble the next day getting his glove off and on; that, asked if the hand were swollen, "I could not say it was swollen; I did not pay much attention;" and again: that he saw the hand and it was swollen; and that Mr. Ulman did not say when he hurt his hand, witness taking it for granted it was while they were separated.

Mrs. Ulman testified on direct examination that her husband was "all right" on the morning of October 31, but on cross-examination admitted she had not examined his hand. Clarence Hays testified

that after work on October 31st, Mr. Ulman had a "skinned" place on his hand. These witnesses testified to observing a cut about a quarter to a half inch long on the back of the ring finger of Mr. Ulman's right hand that evening; that it was red and blue, an opening; that Mr. Ulman often got steel in his hands and took it out after arriving home. Mr. Ulman complained of his hand the next morning but went to work. His hand was paining him when he arrived home that evening and he went to Dr. Haumesser. He never returned to work. Mrs. Ulman testified that her husband had had, for a short time, a small pimple on the back of his neck, which soon cleared up, and that when her husband went to Dr. Haumesser he had no swelling, ulcer, boil, or pimple on his right ring finger. The testimony of Ethel Hays presented no additional facts.

Dr. Haumesser, on behalf of the employer, testified that he made a careful and thorough examination of Mr. Ulman; that Mr. Ulman "had some little infection on the back of his neck and he had what looked like the beginning of an abscess on his right ring finger, on the dorsum;" that outside of the abscess there was no lesion of the surface of Mr. Ulman's skin; that Mr. Ulman "was running a temperature of a little over 101;" that he next saw Mr. Ulman on November 3rd, and the abscess looked angry and swollen, tight, a little dark in color, and he "froze" it, incised it, inserted a gauze drain, and dressed it; and that the incision was approximately one-half an inch long.

There was testimony that tularemia is not ordinarily fatal; that there are several types; among them, a typhoid type, exhibiting no external lesion, being particularly fatal in cases developing pneumonia; and some testimony to the effect Mr. Ulman died of typhoid tularemia.

Lucien A. Kauble testified that he was Mr. Ulman's foreman; that Mr. Ulman showed witness his hand and witness suggested he go to the dispensary, which advice Mr. Ulman refused to follow; that Mr. Ulman did not report receiving any injury while at work, and that witness noticed a swelling, "sort of a boil or rising" on the hand but saw no cut or break in the skin.

Claimants cite Maltz v. Jackoway-Katz Cap Co., 336 Mo. 1000, 82 S. W. (2d) 909, and Russell v. Ely & Walker Dry Goods Co., 332 Mo. 645, 60 S. W. (2d) 44, to the issue that the Commission erred in finding they failed to prove an accident arising out of and in the course of Mr. Ulman's employment. These cases do not establish error here, principally because the evidence there under consideration with respect to the factual issues involved consisted of admissions against interest by the employers and was undisputed. [The Maltz case, 336 Mo. l. c. 1009-1011, 82 S. W. (2d) l. c. 914, 915; the Russell case, 332 Mo. l. c. 650, 60 S. W. (2d) l. c. 45.]

We are not warranted in interfering under the instant record. There is no direct affirmative evidence that Mr. Ulman's right ring finger was all right on the morning of October 31. Claimants' evi-

dence that there was a cut on Mr. Ulman's finger was ▮ refuted by the testimony of Dr. Haumesser and foreman Kauble to the effect Mr. Ulman had an abscess or boil and that there was no break in the skin prior to Dr. Haumesser incising the abscess. Claimants' witness Birkel testified he could not definitely say what Mr. Ulman said, and witness took it for granted that Mr. Ulman hurt his hand while at work. Mr. Ulman made no report of an accident and claim for compensation against his employer although he exhibited his hand to his foreman. These and other factors may have influenced the Commission in considering claimants' evidence not reasonably satisfactory on the issue of an accident arising out of and in the course of Mr. Ulman's employment. Claimants had the burden, and the credibility of the witnesses was for the Commission. Consult Cluck v. Abe, 328 Mo. 81, 85, 40 S. W. (2d) 558, 560[5].

Other points are made by the employer; for instance, that Birkel's testimony covering Mr. Ulman's statements was inadmissible (Woods v. Southern Ry. Co. (Mo.), 73 S. W. (2d) 374, 376[1]; State ex rel. v. Shain, 343 Mo. 435, 440[1, 2], 121 S. W. (2d) 789, 792[3, 4]; Brashear v. Missouri Pac. Rd. Co. (Mo. App.), 6 S. W. (2d) 650, 651[1; 2]). They need not be ruled.

The judgment is affirmed. *Westhues* and *Barrett, CC.*, concur.

PER CURIAM:—The foregoing opinion by Bohling, C., is adopted as the opinion of the court. All the judges concur.